1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CARISSA NORIEGA,

                 Defendant-Petitioner,

    v.

UNITED STATES OF AMERICA,

                    Respondent.

CASE NO. 09-CV-2090W
07-CR-3411W

**ORDER DENYING
PETITION FOR WRIT OF
HABEAS CORPUS**

On September 24, 2009, Petitioner Carissa Noriega ("Petitioner"), a federal prisoner proceeding *pro se*, commenced this Section 2255 habeas corpus proceeding. Respondent United States of America ("Respondent") opposes. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the petition.

## I. BACKGROUND

On December 19, 2007, a federal grand jury indicted Petitioner. Count One of the indictment charged Petitioner with importation of 26.13 kilograms of cocaine, in

violation of Title 21, United States Code, Sections 952 and 960, and Count Two charged her with possession of 26.13 kilograms of cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). (Doc. 1.[1])  On March 17, 2008, Petitioner pled guilty before this Court to Count One pursuant to a written Plea Agreement. (Doc. 15.)  Under the terms of the agreement, Petitioner waived her right to appeal or to collaterally attack her conviction and sentence. (Id. at 7-8.)

On September 15, 2008, this Court imposed the mandatory minimum term of 120 months imprisonment after finding Petitioner was ineligible for a "safety valve" sentence reduction under USSG §§ 2D1.1(b)(6) and 5C1.2.  On September 24, 2009, Petitioner filed the pending motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (hereafter, "Petition").

## II.   DISCUSSION

In challenging her sentence, Petitioner raises three issue: 1) that her guilty plea was unlawfully induced or without understanding the nature of the charge and the consequences of the plea; 2) that the government failed to disclose favorable evidence to the defendant; and 3) a claim of ineffective assistance of counsel.  Respondent contends that Petitioner has waived any and all rights to challenge her sentence. For the following reasons, the Court agrees.

Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).  Courts will enforce a Petitioner's appeal waiver if the following two conditions are met: (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

---

[1]All docket references refer to Case No. 07-CR-3411.

With respect to the first condition, a valid waiver requires that the Petitioner agreed to its terms knowingly and voluntarily. See Nunez, 223 F.3d at 958. A reviewing court looks to the circumstances that surround the plea agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, in entering the Plea Agreement, Petitioner represented that her plea was knowing and voluntary. (Doc. 15 at 4.) Petitioner acknowledges that she has read the agreement, discussed the terms of the agreement with her counsel and fully understands the agreement's meaning and effect. (Id. at 9.) Petitioner also affirmed that she was satisfied with her defense counsel's performance. (Id.) Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive her right to appeal or collaterally attack her sentence.

As to the second condition, a valid waiver must also explicitly state that Petitioner is waiving her right to appeal. See Nunez, 223 F.3d at 958. A reviewing court applies contract principles, including the parole evidence rule. See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parole evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the terms of an unambiguous written instrument." Wilson v. Arlington Co. v. Prudential Ins. Co. of Am., 912 F.2d 366, 370 (9th Cir. 1990).

On this point, the Plea Agreement explicitly states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If the defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(Doc. 15 at 7-8.)  Thus, Petitioner agreed to waive all collateral attacks as long as the Court did not impose a sentence longer than the high end of the offense level recommended by the Government or greater than the mandatory minimum term. Because Petitioner's sentence did not exceed the high end of the recommended offense level, and imposed no greater than the mandatory minimum term, the terms of her plea agreement bar this collateral attack. The Court is, therefore, prevented from granting the habeas relief requested herein.

III.    CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's Petition. (Doc. 21.)  The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATED:  May 26, 2010

_____
Hon. Thomas J. Whelan
United States District Judge

CC: ALL PARTIES AND COUNSEL OF RECORD