# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARISSA NORIEGA,<br><br>      Defendant-Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | CASE NO. 09-CV-2090W<br>           07-CR-3411W<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br>**[DOC. 29]** |

On September 24, 2009, Petitioner Carissa Noriega ("Petitioner"), a federal prisoner proceeding *pro se*, commenced a Section 2255 habeas corpus proceeding. On May 26, 2010, this Court issued an Order Denying Petition for Writ of Habeas Corpus (the "Order"). (Doc. 28.)

On June 11, 2010, Petitioner filed a notice of appeal. The Court construes the notice as request for a certificate of appealability ("COA").

The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the COA.

## I. BACKGROUND

On December 19, 2007, a federal grand jury indicted Petitioner. Count One of the indictment charged Petitioner with importation of 26.13 kilograms of cocaine, in violation of Title 21, United States Code, Sections 952 and 960, and Count Two charged her with possession of 26.13 kilograms of cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). (Doc. 1.[1]) On March 17, 2008, Petitioner pled guilty before this Court to Count One pursuant to a written Plea Agreement. (Doc. 15.) Under the terms of the agreement, Petitioner waived her right to appeal or to collaterally attack her conviction and sentence. (Id. at 7-8.)

On September 15, 2008, this Court imposed the mandatory minimum term of 120 months imprisonment after finding Petitioner was ineligible for a "safety valve" sentence reduction under USSG §§ 2D1.1(b)(6) and 5C1.2.

On September 24, 2009, Petitioner filed the motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (hereafter, "Petition"). Because in entering the Plea Agreement Petitioner waived the right to challenge her sentence, on May 26, 2010, this Court denied the Petition. Petitioner's request for a COA followed.

## II. STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 State. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a section 2254 habeas petition unless she obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Id. at 1270. A court may issue a COA only if the applicant has made a "substantial showing"

---

[1] All docket references refer to Case No. 07-CR-3411.

of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This requirement means that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253 (c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong ... When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, *a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

### III. DISCUSSION

In challenging her sentence, Petitioner raised three issue: 1) that her guilty plea was unlawfully induced or without understanding the nature of the charge and the consequences of the plea; 2) that the government failed to disclose favorable evidence to the defendant; and 3) a claim of ineffective assistance of counsel. However, in entering the Plea Agreement, Petitioner specifically waived any and all rights to challenge her sentence. And having reviewed the circumstances surrounding Petitioner's agreement to waive those rights, the Court found the waiver valid.

Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce a Petitioner's appeal waiver if the following two conditions are met: (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

In the present case, in entering the Plea Agreement, Petitioner represented that her plea was knowing and voluntary. (Doc. 15 at 4.) Petitioner acknowledged that she had read the agreement, discussed the terms of the agreement with her counsel and fully

understood the agreement's meaning and effect. (Id. at 9.) Petitioner also affirmed that she was satisfied with her defense counsel's performance. (Id.) Thus, the Court concluded that Petitioner knowingly and voluntarily agreed to waive her right to appeal or collaterally attack her sentence.

As to the second condition, a valid waiver must also explicitly state that Petitioner is waiving her right to appeal. See Nunez, 223 F.3d at 958. A reviewing court applies contract principles, including the parole evidence rule. See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parole evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the terms of an unambiguous written instrument." Wilson v. Arlington Co. v. Prudential Ins. Co. of Am., 912 F.2d 366, 370 (9th Cir. 1990).

On this point, the Plea Agreement explicitly stated:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If the defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(Doc. 15 at 7-8.) Thus, Petitioner agreed to waive all collateral attacks as long as the Court did not impose a sentence longer than the high end of the offense level recommended by the Government or greater than the mandatory minimum term. Because Petitioner's sentence did not exceed the high end of the recommended offense level, and imposed no greater than the mandatory minimum term, the terms of her plea agreement barred her collateral attack.

For these reasons, the Court properly determined that Petitioner's habeas claim was barred. No reasonable jurist could conclude otherwise. <u>Slack</u>, 529 U.S. at 484.

### IV.  CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's COA (Doc. 29.)

**IT IS SO ORDERED.**

DATED: July 2, 2010

*[signature]*
Hon. Thomas J. Whelan
United States District Judge